**FILED**

**2:06 pm, 6/16/20**

**Margaret Botkins
Clerk of Court**

**BRUCKNER BURCH PLLC**
David I. Moulton, *pro hac vice forthcoming*
Richard (Rex) Burch, *pro hac vice forthcoming*
8 Greenway Plaza #1500
Houston, Texas 77046
Telephone: (713) 877-8788

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli, *pro hac vice forthcoming*
Frank J. Mazzaferro, *pro hac vice forthcoming*
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

**LUJAN LAW OFFICE**
Dustin T. Lujan WSB # 7-5574
1603 Capitol Ave. Suite 310, #A559
Cheyenne, WY 82001
Telephone: (970) 999-4225

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING
## CHEYENNE DIVISION

| | |
|---|---|
| **KENNY SHAW, individually and on behalf of all others similarly situated;** | No:    20-CV-104-SWS |
| **Plaintiff,** | |
| **-against-** | **COLLECTIVE ACTION COMPLAINT** |
| **BAR S SERVICES INC.,** | |
| **Defendant.** | |

Kenny Shaw ("Plaintiff" or "Shaw"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.      This lawsuit seeks to recover overtime compensation for Plaintiff and his similarly situated co-workers – load operators, truck operators and other similarly situated laborers

1

(collectively "Non-Exempt Laborers") – who work or have worked for Bar S Services Inc. (hereinafter, "Defendant" or "BAR S"), throughout the United States.

2.      BAR S is a full service company for commercial/industrial, oil and gas needs[1] specializing in erecting and dismantling oil rigs, supporting the oil and gas industry in northeastern Colorado and Wyoming.[2]

3.      BAR S pays its Non-Exempt Laborers partly on an hourly basis, and then also pays them additional wages for that week's work on the same or separate paycheck. These additional wages are subject to applicable payroll taxes and are included in Non-Exempt Laborers' year end wage amounts on the pay stubs.

4.      Despite being non-exempt employees, BAR S has failed to properly pay Non-Exempt Laborers overtime compensation at 1.5 times their regular rate of pay. Specifically, BAR S did not factor in *all* compensation it paid Non-Exempt Laborers when calculating the regular rate of pay for purposes of calculating and paying overtime. As a result, BAR S has significantly underpaid Non-Exempt Laborers for overtime hours worked.

5.      Plaintiff brings this action on behalf of himself and all other similarly situated Non-Exempt Laborers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

6.      This Court has original jurisdiction under 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331(a), 1332(a), and/or pursuant to 28 U.S.C. § 1367.

7.      The proposed collective action includes a total number of plaintiffs in excess of 100.

---

[1] *Bar S Services Inc.*, http://barsinc.net/ (last visited May 12, 2020).

[2] Jacy Marmaduke, *Regulators unsure of fracking truck contents after spill*, https://www.coloradoan.com/story/news/2018/08/07/questions-persist-poudre-canyon-fracking-truck-spill/924299002/ (last visited May 12, 2020).

8.      Venue is proper in the Cheyenne Division of the District of Wyoming because Defendant resides in this District.

## THE PARTIES

**Plaintiff**

**Kenny Shaw**

9.      Shaw is an adult individual who is a current resident of the State of Wyoming.

10.     Shaw was employed by BAR S as a labor hand from approximately October 2018 through March 23, 2020.

11.     At all relevant times, Shaw was an "employee" of BAR S as defined by the FLSA.

12.     At all relevant times, BAR S was Shaw's "employer" as defined in the FLSA.

13.     A written consent form for Shaw is being filed with this Collective Action Complaint.

**Defendant**

**BAR S Services, Inc.**

14.     Bar S Services, Inc. is a domestic for-profit corporation organized and existing under the laws of Wyoming.

15.     Bar S Services, Inc.'s principal executive office and corporate headquarters are located at 3330 I-80 Service Road, Cheyenne, Wyoming 82009.

16.     At all relevant times, Bar S Services, Inc.'s has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

17.     Bar S Services, Inc.'s applies the same employment policies, practices, and procedures to all Non-Exempt Laborers Workers at their locations throughout the United States.

18.     At all times relevant, Bar S Services, Inc.'s has had an annual gross volume of sales in

excess of $500,000.00.

**FACTS**

19.     Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Kenny Shaw**

20.     Shaw was employed by BAR S as a load operator from approximately October 2018 through March 23, 2020 in Wyoming.

21.     During the course of his employment, Shaw regularly worked over 40 hours per week up to approximately 90 hours in a workweek.

22.     Despite regularly working over 40 hours per week, BAR S did not properly pay Shaw proper overtime compensation for all hours worked over 40. In this regard, BAR S compensated Shaw in part on an hourly basis on his paystubs. In addition to this hourly wage, Shaw would also receive additional wages on the same or separate paystub. This additional compensation was subject to taxes, included in his year to date wage amounts, and depended upon the hours worked by Shaw.

23.     BAR S failed to pay Shaw proper overtime compensation because it failed to pay him 1.5 times his regular rate of pay, which should have included *all* wages received and not just those labeled as hourly rates of pay. As a result, BAR S significantly underpaid Shaw for overtime hours worked.

**COLLECTIVE ACTION ALLEGATIONS**

24.     Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated persons who work or have worked as Non-Exempt Laborers for BAR S throughout the United States who elect to opt-in to this action (the "FLSA Collective").

25.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

4

26.     Consistent with Defendant's policies and patterns or practices, Plaintiff and the FLSA Collective were not paid the proper premium overtime compensation of 1.5 times their regular rates of pay for all hours worked beyond 40 per workweek.

27.     All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

28.     As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiff and the FLSA Collective, proper premium overtime wages for all hours worked in excess of 40 hours per workweek.

29.     Defendant's unlawful conduct, as described in this Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly pay overtime compensation to its employees.

30.     Defendant is aware or should have been aware that federal law required it to pay Plaintiff and the FLSA Collective overtime premiums for all hours worked in excess of 40 per workweek.

31.     There are many similarly situated current and former Non-Exempt Laborers who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

32.     Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

33.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

34.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff and the members of the FLSA Collective.

35.     During this time, Plaintiff and the FLSA Collective regularly worked in excess of 40 hours per week.

36.     Defendant failed to pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rates of pay, which should have included all compensation earned per workweek – for all hours worked beyond 40 per workweek.

37.     As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Non-Exempt Laborers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for BAR S. Such

notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.      Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, as well as under the relevant state laws.

D.      Reasonable attorneys' fees and costs of the action; and

E.      Such other relief as this Court shall deem just and proper.

Respectfully submitted,

By: _____

Dustin T. Lujan WSB# 7-5574
**LUJAN LAW OFFICE**
1601 Capitol Ave. Suite 310, #A559
Cheyenne, WY. 82001
Telephone: (970) 999-4225
wyoadvocate@gmail.com

**BRUCKNER BURCH PLLC**
Richard J. (Rex) Burch
Texas Bar No. 24001807
David I. Moulton
Texas Bar No. 24051093
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:     (713) 877-8788
Telecopier:    (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli, *pro hac vice forthcoming*
Frank J. Mazzaferro, *pro hac vice forthcoming*
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone:  (212) 300-0375
*Attorneys for the Plaintiff and Putative*

7

*Collective*